**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| JASON GROTHJAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 3:17-CV-130 |
| vs. | ) |
| | ) |
| MR. B. RISSMAN, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Jason Grothjan, a *pro se* prisoner, filed a complaint alleging that he was verbally harassed by Mr. Rissman, his case manager at the Westville Correctional Facility ("Westville"). (DE 1.) Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603.

-1-

Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Grothjan is an inmate at Westville and complains that on two occasions in November 2016, he and his case manager B. Rissman got into a heated argument. Grothjan complains about being verbally harassed by Rissman. Typically, verbal harassment does not trigger constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). However, verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment in limited situations. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015).

Here, there are no allegations that Mr. Rissman's statements to Grothjan – while certainly deplorable – amount to anything more than simple verbal harassment. Thus, it does not seem plausible that Rissman's statements give rise to a constitutional claim. *DeWalt*, 224 F.3d at 612. Consequently, as pled, this complaint does

not state a claim. However, in the spirit of *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013), Grothjan will be given leave to file an amended complaint.

For these reasons, the court:

(1) **STRIKES** the complaint (DE 1);

(2) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint (INND Rev. 8/16) form and send it to Jason Grothjan;

(3) **GRANTS** Jason Grothjan to and including April 24, 2017, to file an amended complaint on that form; and

(3) **CAUTIONS** Jason Grothjan that if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

DATED: March 30, 2017  /s/RUDY LOZANO, Judge
United States District Court