UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JASON GROTHJAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 3:17-CV-130 JD |
| | ) | |
| B. RISSMAN, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Jason Grothjan, a *pro se* prisoner, filed an amended complaint alleging that his case manager at the Westville Correctional Facility, B. Rissman, verbally abused him in violation of the Eighth Amendment. ECF 15. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Furthermore, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

1

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

On November 1, 2016, Grothjan asked Counselor Rissman about transferring to another facility and the two got into an argument. Grothjan told Rissman to "stop acting like a fag." Rissman, in turn, threatened to assault Grothjan and also loudly proclaimed that Grothjan was a homosexual. Rissman's statements were heard by other offenders on the range. Grothjan feels as though he has been placed in danger due to Rissman "outing" him as gay. Grothjan believes he is at serious risk of attack, extortion or other dangers because of the nature of what Rissman revealed. In fact, Grothjan explains that he is now harassed by other inmates on a daily basis. Grothjan sues Rissman for money damages.

Typically, verbal harassment does not trigger constitutional protections. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). Thus, Rissman's alleged comment that he was going to assault Grothjan - while certainly unprofessional - has neither harmed nor increased the risk of any future harm to Grothjan. As a result, that statement is not actionable.

Rissman's comment informing other inmates that Grothjan was a homosexual is another matter. Verbal abuse can constitute cruel and unusual punishment under the Eighth Amendment in limited situations. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). In *Beal*, the guard called an inmate terms like "punk, fag, sissy and queer," in the presence of other inmates thereby "increas[ing] the likelihood of sexual assaults on him." *Id.* at 358. Because the harassment "may

2

have made him a pariah to his fellow inmates and inflicted significant psychological harm on him," the court found that the harassment was actionable. *Id.* at 359. The statements made by the guard in *Beal* are similar to the alleged statement made by Rissman in this case. And, like the statements in *Beal*, the statement here was made in the presence of other inmates. Thus, giving him the inferences to which he is entitled, Grothjan has adequately alleged that Rissman's comment violated the Eighth Amendment.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against B. Rissman in his individual capacity for money damages for verbally abusing him by informing other inmates that he was a homosexual on November 1, 2016, in violation of the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the complaint;

(3) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on B. Rissman with a copy of this order and the amended complaint (ECF 15) as required by 28 U.S.C. § 1915(d); and

(4) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that B. Rissman respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: June 19, 2017

                                                /s/ JON E. DEGUILIO
                                                Judge
                                                United States District Court